Coyne v. Avery.

--------•--------

Daniel J. Coyne et al. v. J. Dixon Avery et al.

1. FRAUD—*Ignorance of Facts, When Not Sufficient to Justify a Refusal to Perform a Contract.*—The mere fact that the vendee under a contract for the sale of eggs to be shipped on a day named, made a settlement with the vendor of differences of values while he was ignorant of the fact that no eggs were shipped on the day named, is not such a fraud as to justify a refusal on his part to perform the contract of settlement.

Assumpsit, for a breach of contract.  Appeal from the Circuit Court of Cook County; the Hon. Samuel C. Stough, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1899.  Affirmed. Opinion filed October 10, 1900.

Young, Makeel, Bradley & Frank, attorneys for appellants.

Herbert S. Duncombe, attorney for appellees.

Mr. Justice Horton delivered the opinion of the court.

In February, 1898, appellees contracted to sell to appellants five car loads of eggs.  The negotiations resulting in such a contract were by appellant Daniel J. Coyne for and on behalf of appellants, and by Mr. Lightbody for and

on behalf of appellees. The only evidence in writing relating to such contract is the following "memoranda of sale," viz:

"4 Clark, Cor. S. Water St.
CHICAGO, Feb. 26, 1898.

Sold to Coyne Bros.,

Five cars of eggs, one to be shipped from the country Tuesday, the balance Wednesday and Thursday, at 12c. delivered Chicago.

J. DIXON AVERY & SONS."

Said D. J. Coyne testified that the agreement was made orally Friday, February 25th, that said eggs should be shipped, one car Tuesday, three cars Wednesday and one car Thursday, and that Saturday, February 26th, when Mr. Lightbody handed to him said memoranda of sale, he was busy, and did not notice the fact that it did not fix the number of cars to be shipped Wednesday. Mr. Lightbody testified that the paper states the agreement correctly, and that he handed it to D. J. Coyne, saying at the time that "the eggs would have to be sold that way."

Appellees "shipped from the country" three car loads of eggs Tuesday, March 1st, three car loads Thursday, March 3d, and one car load Friday, March 4th, being two car loads more than had been sold to appellants. None were shipped Wednesday. Between Friday, February 25th, the day the contract of sale was orally made, and Friday, March 4th, the price of eggs dropped from twelve cents to ten and a quarter cents per dozen. The day last named D. J. Coyne and Mr. Lightbody made an agreement by which appellants were to pay appellees one and three-quarter cents per dozen and not receive the eggs when they should arrive. There were 60,000 dozen eggs, making at one and three-quarter cents per dozen, $1,050, for which difference appellees presented to appellants a bill. Appellants declined to pay said bill and this suit was brought to recover said difference. None of the eggs had arrived when said settlement was made, and neither Mr. Coyne nor Mr. Lightbody knew at that time the dates when said shipments were made. Upon hearing that no

Coyne v. Avery.

cars were shipped Wednesday, appellants refused to pay said sum of $1,050 as agreed.   The verdict of the jury was for that amount with interest.

Appellants now contend that the agreement was that three car loads should be shipped Wednesday; that as none were shipped that day appellants were not bound to accept the eggs when they did arrive; and that not being informed at the time of making said settlement agreement of the fact that no shipment was made Wednesday, such agreement was a fraud upon them, and therefore they are not bound by it.   Mr. Lightbody testified, as before stated, that there was no agreement to ship three car loads Wednesday, etc.

The question of fact as to when such shipments should have been made, was left to the jury and is not now a question for this court.   As a legal proposition, the mere fact that neither Mr. Coyne nor Mr. Lightbody knew at the time they made said settlement agreement that no eggs had been shipped on Wednesday, is not a fraud such as to justify a refusal to perform that agreement.   Therefore, unless there was some error of law the judgment of the Superior Court must be affirmed.

It is urged by counsel for appellants that the court erred in refusing to allow them to prove that two of the carloads shipped on Tuesday were not " intended " for appellants. The shipments were all consigned to appellees, and they could have delivered them upon arrival, to such party as they saw fit.   There was no error in excluding the testimony offered.

Objection is also made to some of the instructions, and to remarks of counsel in the arguments to the jury.   While there may be some slight errors in some of the instructions, and while counsel may have overstepped proper limits in his argument, yet we are of opinion that no substantial error was committed.

The judgment of the Superior Court seems to be in accord with the justice of the case, and there being no error which would justify a reversal, said judgment is affirmed.